Filed 2/10/15  P. v. Vargas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

THE PEOPLE,

　　　Plaintiff and Respondent,

　　　　　　v.

MICHAEL VARGAS,

　　　Defendant and Appellant.

F067828

(Super. Ct. No. 12CM2925)

**OPINION**

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna K. Tarter, Judge.

Maureen L. Fox, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Kane, Acting P.J., Detjen, J. and Peña, J.

Appellant Michael Vargas pled guilty to oral copulation or sexual penetration with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (b))[1], and was sentenced to prison for an indeterminate term of 15 years to life. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On August 18, 2012, a Hanford police officer interviewed a nine-year-old girl regarding allegations that Vargas, her stepfather, had touched her inappropriately. According to the victim, she had been lying in bed the previous night watching cartoons with Vargas and her mother. While her mother was asleep, Vargas placed his hand over the victim's clothing and touched her vagina. He then put his hand under the victim's clothing and his fingers inside her vagina. The victim further stated that Vargas first began touching her inappropriately three months earlier when they lived in Puerto Rico and that during that time Vargas touched her vagina on three separate occasions, once over her clothes and twice under her clothes.

The victim also reported another incident of inappropriate touching that occurred after the family moved to Hanford. On that occasion, while the victim's mother was cooking and Vargas was with the victim in another room, Vargas placed his finger in the victim's vagina. He then forcibly placed her hand on his penis and forced her to masturbate him.

Vargas was located, brought to the police station, and interviewed after he waived his *Miranda* rights.[2] Although Vargas initially denied touching the victim, he eventually admitted much of the conduct attributed to him by her. A SART exam of the victim disclosed that she had abrasions and lacerations to the opening of her vagina.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

On September 28, 2012, the district attorney filed an information charging Vargas with two counts each of oral copulation or sexual penetration of a child 10 years of age or younger (counts 1 & 2), lewd and lascivious conduct by force with a child under the age of 14 (counts 3 & 4/§ 288, subd. (b)(1)), penetration by force of a child 14 years of age or younger (counts 5 & 6/§ 289, subd. (a)(1)(B)), sexual penetration of a child under the age of 14 by a person more than seven years older (counts 7 & 8/§ 269, subd. (a)(5)), and lewd and lascivious conduct with a child under the age of 14 (counts 9 &10/§ 288, subd. (a)).

Counts 3, 4, 5, 6, 9, and 10 also alleged a great bodily injury enhancement (§ 12022.7, subd. (a)) and that the offenses occurred under circumstances that made Vargas's offenses punishable by a sentence of 15 years to life (§ 667.61, subds. (b) & (c)).

On June 17, 2013, Vargas pled guilty to one count of penetration of a child 10 years of age or younger in exchange for a stipulated term of 15 years to life and the dismissal of the remaining counts and allegations.

On July 12, 2013, the court sentenced Vargas to the stipulated term of 15 years to life.

Vargas's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Vargas has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.